**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0112-18T2

WELLS FARGO BANK, N.A.,

     Plaintiff-Respondent,

v.

WILLIAM H. LEARY, JR.
and SHELLEY L. LEARY,
his wife, each of their heirs,
devisees, and personal
representatives, and his, her,
their or any of their successors
in right, title and interest,
COUNTY OF CAMDEN,
STATE OF NEW JERSEY,
and UNITED STATES OF
AMERICA,

     Defendants,

and

WILTON Y. CAPELLAN,

     Intervenor-Appellant.

_____

Submitted August 5, 2019 – Decided  September 6, 2019

Before Judges Rose and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. F-024357-14.

Mattleman, Weinroth & Miller, PC, attorneys for appellant (Robert W. Williams, on the briefs).

Reed Smith, LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief).

PER CURIAM

This appeal arises out of an action seeking to foreclose a residential mortgage entered into between William H. Leary, Jr. and Shirley L. Leary (collectively "the Learys") and Wells Fargo Bank, N.A. ("Wells Fargo") secured by a property in Pennsauken, New Jersey ("the property"). Intervenor William Y. Capellan ("Capellan"), the current owner of the property, appeals the trial court's denial of his motion to: vacate the final judgment of foreclosure; strike the writ of execution; vacate the trial court's order reinstating Wells Fargo's erroneously discharged mortgage; discharge the lis pendens filed by Wells Fargo; and dismiss the foreclosure complaint. We affirm.

We derive the following facts from the record.

2                                                                    A-0112-18T2

On or about October 2, 2003, the Learys executed a promissory note and mortgage for a $91,550 loan from Columbia National, Inc. to finance their purchase of the property. The mortgage was recorded on November 19, 2003.

On September 26, 2013, Columbia National, Inc. assigned the mortgage to Wells Fargo. The assignment of the mortgage was recorded on October 22, 2013. On September 30, 2013, Wells Fargo mistakenly executed a satisfaction, cancellation, and discharge of the Learys' mortgage prior to it being fully satisfied or cancelled. This erroneous discharge of the mortgage was recorded on October 22, 2013.

By January 1, 2014, the Learys were in default on the mortgage. Wells Fargo filed a foreclosure complaint on June 17, 2014 and recorded a notice of lis pendens regarding the property on July 1, 2014. Wells Fargo did not move to expunge the erroneous discharge of the mortgage in its foreclosure complaint. After default was entered against the Learys in the foreclosure action on December 18, 2014, a final judgment of $119,033.06 was entered on July 7, 2015, authorizing sale of the property.

On May 16, 2017, Surety Title Company, LLC executed a notice of settlement concerning an agreement between the Learys and Chelsea Rea, LLC

A-0112-18T2

("Chelsea Rea")[1] for the sale of the property. The notice of settlement was recorded on May 30, 2017.

On June 6, 2017, Wells Fargo filed a motion to expunge the erroneous discharge of the mortgage and to confirm the final judgment.[2] While Wells Fargo's motion was pending, on June 15, 2015, the Learys and Chelsea Rea executed a deed memorializing the transfer of the property for $23,500. On August 18, 2017, the trial court granted Wells Fargo's motion and issued an order reinstating the mortgage nunc pro tunc as of the original date of recording and confirming the final judgement.

The deed memorializing the sale of the property from the Learys to Chelsea Rea was recorded on September 16, 2018.

On December 1, 2017, Chelsea Rea moved to intervene in the foreclosure action and to stay a sheriff's sale scheduled for January 17, 2018. The trial court denied the motion on January 5, 2018.

---

[1] Chelsea Rea, LLC was known as MDA Properties, LLC at the time of the settlement.

[2] It does not appear that Wells Fargo served Chelsea Rea with notice of this motion. Chelsea Rea avers that it was unaware of the impending sheriff's sale until notice was posted on the property in November 2017.

On February 1, 2018, Chelsea Rea appealed the trial court's denial of its motion to intervene. While the appeal was pending, on February 9, 2018, Chelsea Rea conveyed the property to Capellan for $134,000. The deed memorializing this sale was recorded of February 28, 2018.

On March 20, 2018, Chelsea Rea filed a motion in the trial court to stay the sheriff's sale pending its appeal, which the trial court denied on April 13, 2018. Chelsea Rea then sought permission to file an emergent motion in this court, which we granted. After considering Chelsea Rea's emergent motion, we summarily remanded the matter to the trial court to reconsider the denial of Chelsea Rea's motion to intervene and stayed the sheriff's sale pending the resolution of that motion.

By agreement of the parties, however, the trial court issued an order permitting intervention and substituting Capellan for Chelsea Rea.[3] Capellan then filed a motion seeking to: vacate the final judgment; strike the writ of execution; vacate the order reinstating the erroneously discharged mortgage; discharge the lis pendens; and dismiss the foreclosure complaint.[4]

---

[3] The parties also filed a stipulation of dismissal of Chelsea Rea's appeal.

[4] Wells Fargo filed a cross-motion seeking to strike both deeds for the conveyances of the property as fraudulent conveyances, which the trial court denied. Wells Fargo does not cross-appeal the denial of its cross-motion.

After hearing oral argument on August 17, 2018, Judge Nan S. Famular denied Capellan's motion in its entirety in an oral opinion rendered on August 28, 2018. Judge Famular found that the purpose of a lis pendens "is simply to provide subsequent interest takers constructive notice of the pendency of the lawsuit, which works to subordinate their rights to the outcome of the litigation." As such, the judge reasoned, "Wells Fargo's [n]otice of [l]is [p]endens put any subsequent purchasers of the property on notice that the same was in dispute and their interest would be subordinated to whatever the outcome of the litigation would be."

Judge Famular found that the final judgment was not procured by misrepresentations or misconduct by Wells Fargo, but that the discharge of the mortgage was simply an error that was corrected by the nunc pro tunc order. The judge noted that it was undisputed that the mortgage had not been satisfied, and that Chelsea Rea admitted that it was aware of the lis pendens at the time it purchased the property. Further, the judge found significant that Capellan purchased the property after the mortgage had been reinstated and the final judgment had been confirmed.

A-0112-18T2

For these reasons, Judge Famular denied all relief sought by Capellan. The judge noted, however, that the parties "will have their remedies against the title company in due course, as they choose to enforce them."

On August 28 and 30, 2018, the trial court issued orders memorializing its rulings. Capellan appealed those orders. On Capellan's motion, the trial court stayed the sheriff's sale pending the resolution of the appeal on the condition that Capellan post a $63,500 supersedeas bond.

On appeal, Capellan raises the following contentions:

[I].   The trial court erred, as a matter of law, when it concluded that [i]ntervenor's interest is subject to the [n]otice of [l]is [p]endens.

    A.   The trial court erred, as a matter of law, when it ruled that a duly recorded mortgage is not required prior to filing a [n]otice of lis pendens under N.J.S.A. 2A:15-9.

    B.   The trial court erred, as a matter of law, when it concluded that N.J.S.A. 2A:15-6 does not require a [n]otice of lis pendens to state the object or nature of the action.

    C.   Having determined that a notice of lis pendens has unlimited scope, the trial court failed to apply the law as established in Trus Joist Corp. v. Treetop Assocs, Inc., 97 N.J. 22 (1984).

7

[II].  The trial court abused its discretion when it failed to vacate Wells Fargo's [f]inal [j]udgment and the August 18, 2017 Order.

   A.   Standard for vacating final judgments and orders.

   B.   Wells Fargo's [f]inal [j]udgment should have been vacated because (1) it was obtained through the misrepresentation or misconduct of Wells Fargo[;] and (2) the equities of the case demand that Final Judgment be vacated.

      1.   Intervenor, in his proposed answer, pleaded a meritorious defense to the foreclosure action.

   C.   The August 18, 2017 [o]rder [e]xpunging [e]rroneous [d]ischarge of [m]ortgage should have been vacated in the interest of equity and because its nunc pro tunc nature makes the order void.

[III]. The trial court erred, as a matter of law, when it concluded that Wells Fargo's June 19, 2017 writ of execution complied with N.J.S.A. 46:18-13.

   A.   N.J.S.A. 46:18-13 prohibits a lender from taking any action in furtherance of a foreclosure unless it is the established holder of a mortgage.

   B.   Wells Fargo was not the established holder of the mortgage when it filed its writ of execution on June 19, 2017.

C.    The nunc pro tunc order was insufficient to overcome the requirements of N.J.S.A. 46:18-13.

Having reviewed these contentions in light of the record and the applicable legal principles, we discern no abuse of discretion in the trial court's denial of Capellan's motion to vacate the final judgment and the order reinstating the mortgage, as well as the denial of the other relief sought by Capellan. We affirm substantially for the reasons expressed in Judge Famular's well-reasoned oral opinion. We add only the following comments.

"Under the lis pendens statute, N.J.S.A. 2A:15-6, a claimant seeking to enforce a lien . . . upon real estate shall, after the filing of the complaint, file in the record office of the county a written notice of the pendency of the action." Trus Joist, 97 N.J. at 30-31. "The effect of the filing of a notice of lis pendens is constructive notice of a pending action concerning that real estate, and a purchaser or mortgagee takes subject to the outcome of the lawsuit." Id. at 31 (citing N.J.S.A. 2A:15-7).[5]

---

[5] N.J.S.A. 2A:15-7 applies to "a written instrument, which . . . either is executed by defendant and identifies such real estate or appears of record with respect to the title thereto[.]" Accordingly, the statute contemplates the filing of a lis pendens in connection to an unrecorded mortgage. Here, even though Wells Fargo recorded an erroneous discharge of the mortgage, the Learys did not dispute the validity of the written instruments memorializing the mortgage.

When Capellan purchased the property, a title search would have revealed the lis pendens, the final judgment, and the reinstatement of the mortgage. Under these distinctive facts, we find no abuse of discretion in the trial court's denial of the relief requested by Capellan. See US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) ("The trial court's determination [on a motion to vacate a final judgment or order] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion.").

To the extent we have not specifically addressed any remaining arguments raised by Capellan, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0112-18T2